Weiner Appeal.

Argued March 21, 1955. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (HIRT, J., absent).

reargument refused August 15, 1955.

*Abraham Weiner*, appellant, in propria persona.

*Victor Wright*, Assistant District Attorney, with him *William J. Brady, Jr.*, Assistant District Attorney, and *Samuel Dash*, Acting District Attorney, for appellee.

OPINION BY WOODSIDE, J., July 21, 1955:

The appellant's son was brought into juvenile court as a delinquent. The appellant was coerced by the juvenile court into paying $585 to those whose property had been stolen or damaged in burglaries in which appellant's son was alleged to have participated.

In an appeal to this court, *Weiner Appeal,* 176 Pa. Superior Ct. 255, 260, 261, 106 A. 2d 915 (1954) we said, speaking through Judge HIRT: ". . . there is nothing in The Juvenile Court Law which authorizes the court to compel the parents to make restitution satisfying the civil demands of the victims of the child's delinquency and the juvenile court has no power by attachment to enforce such orders when made. . .

"The reversal in this case may be an empty victory for appellant since he complied with the order by making restitution as a condition to regaining custody of his child. But he nevertheless is entitled to be heard in the lower court and to such redress as is possible under the circumstances."

The Municipal Court of Philadelphia, sitting as a juvenile court heard the father, but refused to order the people to whom the "restitution" was made to return the money paid them by appellant.

On appeal to this court from the refusal of the lower court to make said order, the appellant, acting as his own lawyer, raised 34 questions, but there is actually only one question before us. It is whether the juvenile division of the Municipal Court of Philadelphia upon petition of appellant has authority to direct those who had received the aforesaid sum to repay it to appellant. If the court has such authority under the facts of this case it should exercise it.

It was our inability to find such authority that prompted us to suggest when this case was previously before us that the reversal granted therein might "be an empty victory for appellant." There is nothing in The Juvenile Court Law which gives that court authority to compel the recipient to return a payment made in the form of restitution even if the payer was improperly persuaded to do so by the court.

Order affirmed.